*Defendant, WMATA*

# DISTRICT COURT OF MARYLAND FOR Prince George's County

LOCATED AT (COURT ADDRESS)
Courthouse, Bourne Wing
Upper Marlboro, Maryland 20772

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☐ $5,000 or under   ☒ over $5,000

CASE NO. CV

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim ☐ consumer debt (original creditor)

The particulars of this case are:

## PARTIES

Plaintiff
JEAN TAKOUDJOU
1108 Port Echo Lane
Bowie, Maryland 20716

**PLEASE SEE ATTACHED.**

VS.

Defendant(s)
1. WASHINGTON METRO AREA TRANSIT AUTHORITY
SERVE: MANAGER
600 Fifth Street, N.W.
Washington, D.C. 20001

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2. GEICO CASUALTY COMPANY
Serve: Insurance Commissioner
200 St. Paul Place, Suite 2700

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

3.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

4.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

☐ I am interested in trying to resolve this dispute through mediation/ADR. (You will be contacted about ADR services after the defendant is served.)

The plaintiff claims $ 30,000.00 , plus interest of $_____, interest at the ☐ legal rate ☐ contractual rate calculated at _____ %, from _____ to _____ ( _____ days x $ _____ per day) and attorney's fees of $_____ plus court costs.
☐ Return of the property valued at $_____ and damages of $_____ for its detention in an action of replevin.
☐ Return of the property, or its value, $_____ and damages of $_____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

9212150251
Attorney Number

Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Erik D. Frye
Address: 14452 Old Mill Road, Suite 301
Upper Marlboro, Maryland 20772
Telephone Number: 301-780-9020
Fax: 301-780-9223
E-mail: erik.frye@erikfryelaw.com

## ATTORNEYS

For Plaintiff – Name, Address, Telephone Number & Code
Erik D. Frye, #5699
14452 Old Mill Road, Suite 301
Upper Marlboro, Maryland 20772   301-780-9020

## MILITARY SERVICE AFFIDAVIT

☐ Verified through DOD at: http://scra.dmdc.osd.mil/

☐ Defendant(s) _____ is/are in the military service.
                   Name
☐ No defendant is in the military service. The facts supporting this statement are:_____

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.
☐ I am unable to determine whether or not any defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in this Affidavit are true and correct to the best of my knowledge, information, and belief.

_____                                   _____
Date                                              Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT** (See Plaintiff Notice on Back Page)
The attached documents contain sufficient detail as to liability and damage to notify the defendant clearly of the claim against the defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet ☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ plaintiff ☐ _____ of the plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the plaintiff the sum set forth in the complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this document are true.

_____                                   _____
Date                                              Signature of Affiant

DC-CV-001 (front) (Rev. 07/01/2021)                                    CMPET

## NOTICE TO DEFENDANT
### Before Trial

**This complaint contains the details of the claim against you** and the relief that the plaintiff (the person or company suing you) seeks. The plaintiff has the burden to provide evidence to prove their case at trial. If the plaintiff has completed the affidavit portion of the complaint form, the evidence should be attached to the complaint.

**You may hire your own attorney.** If you're not able to hire an attorney, you can get legal help from an attorney through a **Maryland Court Help Center.** Court locations are open Monday to Friday from 8:30 a.m. to 4:30 p.m. Help is available by phone at 410-260-1392 or by live chat Monday through Friday from 8:30 a.m. to 8:00 p.m. For Help Center locations, visit: mdcourts.gov/helpcenter.

The clerk of the court is not permitted to give you legal advice. If you have any questions, you should consult the Maryland Court Help Center or your own attorney.

**If you wish to contest (fight) the claim,** you must file the Notice of Intention to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date all evidence you want the court to consider. If you don't bring your evidence to the hearing, the judge can't consider it.

**If you do nothing,** you could lose even though you did not appear in court. A judgment could be entered against you with consequences that may include a lien on your property, garnishment of your wages, and freezing your bank account.

**You may request a remote hearing.** At the remote hearing you would not appear in person, but rather by computer, tablet, or other appropriate electronic device. For more information about remote hearings, visit mdcourts.gov/district/remotehearings or contact the court (mdcourts.gov/district/directories/courtmap). If you do not attend the hearing, a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:
1. Ask the court for a new trial by filing a Motion for a New Trial within **10 days** after the entry of judgment, stating your reasons clearly. If the court denies your motion, you may still file an appeal; if the court grants your motion, you must appear in the District Court for a new trial.
2. Ask the court to change the judgment by filing a Motion to Alter or Amend the Judgment within **10 days** after the entry of judgment.
3. Ask the court to change or undo the judgment by filing a Motion to Revise or Vacate the Judgment within **30 days** after the entry of judgment.
4. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees - DCA-109A), unless the court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, was $5,000 or less, you will have a new trial in the circuit court. If the amount of the claim, was more than $5,000, you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure - DCA-027BR).

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the plaintiff or plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the plaintiff or plaintiff's attorney may initiate further proceedings to enforce the judgment, including:
1. **Judgment Debtor Information Sheet:** You may receive form CC-DC-CV-114 from the plaintiff requesting information about your income and debts. If you complete the form accurately and return it to the creditor as indicated, you will not have to answer interrogatories or appear for an oral examination for at least a year from the date of judgment.
2. **Interrogatories:** These are written questions. You must answer these written questions about your income and assets in writing under penalties of perjury.
3. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.
4. **Writ of Execution:** This document requires the sale or seizure of any of your possessions. Some of your property or possessions may be protected from the writ. These exemptions are explained in detail on the reverse side of the Writ of Execution - form DC-CV-040. The court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.
5. **Garnishment of Property:** The court may issue a writ freezing your bank account or holding your assets until further court proceedings.
6. **Garnishment of Wages:** The court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

If you have any questions, you should consult an attorney. The clerk of the court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: mdcourts.gov/district/public_brochures or mdcourts.gov/legalhelp/moneyissues

## NOTICE TO PLAINTIFF
**REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:**
Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: mdcourts.gov/reference/scra.

**AFTER THE COURT ENTERS A JUDGMENT:**
1. If the court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

**DC-CV-001** (back) (Rev. 07/01/2021)                                                                                                              CMPET

IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| JEAN TAKOUDJOU<br>1108 Port Echo Lane<br>Bowie, Maryland 20716<br><br>              **Plaintiff**<br><br>vs.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>Serve: Manager<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>and<br><br>GEICO CASUALTY COMPANY<br>Serve: Insurance Commissioner<br>200 St. Paul Place, Suite 2700<br>Baltimore, Maryland 21202<br><br>              **Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:  CV _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

**COMES NOW** the plaintiff, Jean Takoudjou, by and through his attorney, Erik D. Frye, and brings this complaint against the Defendants, Washington Metropolitan Area Transit Authority (hereinafter referred to as WMATA) and Geico Casualty Company (hereinafter referred to as GEICO) and in support thereof, states as follows:

    1. That plaintiff, Jean Takoudjou, is an adult citizen of the United States and a resident of Prince George's County, Maryland.

1

2. That defendant, WMATA, is a company doing business in the State of Maryland and is licensed to do so.

3. That defendant, GEICO, is an insurance company doing business in the State of Maryland and is licensed to do so.

4. That on or about February 23, 2021, Plaintiff, Jean Takoudjou, was operating a vehicle on Route 214 at or near Route 193 in Prince George's County, Maryland. At all times, Plaintiff, Jean Takoudjou, acted in a lawful and prudent manner.

5. That on the same date and time, an unknown driver was operating a bus owned by Defendant, WMATA on Route 214 at or near Route 193 in Prince George's County, Maryland, in such a reckless and careless manner that the driver changed lanes into plaintiff's lane of travel causing the plaintiff to leave the roadway and strike a tree. Plaintiff was injured in this collision.

6. That it was then and there a duty of the unknown driver while operating the bus owned by Defendant, WMATA, to use due care to watch where they were driving, to maintain a proper lookout, to obey the traffic laws and rules of the road of the State of Maryland, to maintain control of the vehicle, to yield the right of way, to change lanes only when safe to do so and to pay full time and attention particularly with regard to plaintiff, Jean Takoudjou. At no time was the plaintiff contributory negligent and he had no opportunity to avoid the accident.

7. That the unknown driver of the bus owned by Defendant, WMATA, then and there breached that duty of due care by failing to watch where they were driving,

2

--

failing to maintain a proper lookout, failing to obey the traffic laws and rules of the road of the State of Maryland, failing to maintain control of the vehicle, failing to yield the right of way, failing to change lanes only when safe to do so and failing to pay full time and attention, particularly when they caused the collision involving plaintiff, Jean Takoudjou.

8. That said negligence on the part of the unknown driver of the bus owned by Defendant, WMATA, was the actual and proximate cause of the collision. The said collision was the actual and proximate cause of the injuries and damages which occurred to plaintiff, Jean Takoudjou, on the date aforesaid.

9. That as a direct and proximate result of the negligence of the unknown driver of the bus owned by Defendant, WMATA, plaintiff has suffered and will continue to suffer in the future severe physical injuries and mental anguish. Additionally, plaintiff has expended and will continue to expend in the future vast sums for medical care and treatments, medicines, nursing service, physical therapy and other protracted medical-related attention. Further, the plaintiff has lost extensive wages and will continue to lose such wages in the future and thus presents a claim for past and future earnings loss, as well as a claim for loss of earning capacity. Plaintiff is unable to perform his normal household duties and thus presents a claim for loss of home services. All the above damages were directly and proximately caused by the aforementioned negligence of the defendant and were incurred without contributory negligence on the part of the plaintiff or an opportunity for the plaintiff to avoid the collision.

--

## COUNT II

The facts and allegations as more fully set forth in Count I of this Complaint are hereby incorporated as if fully set forth herein and it is further alleged:

1. That on and prior to February 23, 2021, the defendant, GEICO, issued an insurance policy, hereinafter referred to as "the policy". Said claim number assigned to this incident is 0434124130101054and covered plaintiff.

2. That all premiums were paid on said policy on the date of the accident and plaintiff had fulfilled all of his contractual obligations to Defendant, GEICO, under the policy.

3. That demand has been made by Plaintiff, Jean Takoudjou, for coverage to GEICO and GEICO has failed to compensate Plaintiff for his injuries.

**WHEREFORE**, the plaintiff, Jean Takoudjou, demands judgment against the defendants, jointly and severally, in the amount of Thirty Thousand Dollars ($30,000.00) plus costs.

Respectfully submitted,

_____
Erik D. Frye, #5699
CPF #9212150251
14452 Old Mill Road
Suite 301
Upper Marlboro, Maryland 20772
301-780-9020
erik.frye@erikfryelaw.com
Attorney for Plaintiff

4